UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEWERTHON PAES DOS SANTOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-07415-DC-CKD

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 2)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 12.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a

neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On September 15, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.)

On September 18, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they distinguish Petitioner's claim from similar cases in which the court found that due process entitles noncitizens to a pre-deprivation bond hearing by emphasizing that on August 7, 2026—approximately six weeks after his detention—Petitioner was provided a bond hearing pursuant to § 1226(a) at which the immigration judge denied bond, finding that Petitioner was a flight risk. (Doc. No. 6 at 2.) Respondents further indicate that they have "no objection to the Court ruling on the underlying Petition." (*Id.* at 1.)

On September 30, 2026, Petitioner filed his reply in which he contends that his post-deprivation bond hearing does not preclude his release because a "post-deprivation bond hearing held forty-one days after the fact cannot retroactively cure the initial failure to provide a pre-deprivation bond hearing." (Doc. No. 7 at 5.) Indeed, this court has found that absent extenuating circumstances not present here, a post-deprivation bond hearing provided pursuant to § 1226(a) does not remedy the Government's failure to provide a noncitizen who has lived at liberty in the United States with the Government's knowledge a pre-deprivation bond hearing before they are detained. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *6 (E.D. Cal. Oct. 1, 2026) ("As Respondents provide no reason why a pre-deprivation hearing

could not be held for Petitioner, and point to no evidence of urgent concerns warranting her detention without a hearing, this court finds that Respondents violated Petitioner's constitutional right to due process by detaining her . . . without prior notice and a pre-deprivation hearing."). Petitioner does not oppose the court ruling on the merits of his habeas petition. (Doc. No. 7 at 9.)

Because Petitioner's post-deprivation bond hearing did not remedy Respondents' failure to provide him with a pre-deprivation bond hearing, and because Respondents have not made any new legal arguments and have not identified any other factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's orders in *Altin* and *Oliveira Tinoco*.[1] Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Kewerthon Paes Dos Santos (A-220-763-012) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention in June 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dena Coggins
United States District Judge